-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ULYSSES WHITE, 92-A-1367,

        Petitioner,

        -v-

MR. A. ZON, Superintendent of Wende Corr. Fac.,

        Respondent.

DECISION AND ORDER
05-CV-0525S

---

        Petitioner, Ulysses White, has filed a petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, which, in a somewhat confusing manner, challenges his continued custody and the New York State Department of Correctional Services' ("DOCS") failure to release him according to what he claims his conditional release date should have been. According to the petition, DOCS impermissibly "recalculated" his conditional release date and in effect merged three separate sentences that were entered in 1973, 1977 and 1992. As such, petitioner claims his indeterminate sentence entered in 1992 was changed from 7-1/2 years to 15 years to 7-1/2 years to 30 years and that his conditional release date was extended from 10 years to 20 years. Petitioner may also be challenging a parole violation entered in 1991 inasmuch as he attaches a copy of both the Notice of Violation and Notice of Parole Violation Decision.

        Petitioner seeks permission to proceed *in forma pauperis* and has paid the filing fee. For the following reasons, petitioner's motion to proceed as a poor person is denied as moot and petitioner is directed that he must file by **October 24, 2005**, a response to this Order as directed below addressing what, if any, efforts, he made to exhaust in state court the claims raised in this petition,

see 28 U.S.C. § 2254(b)(1), and whether or not the petition was timely filed. See 28 U.S.C. § 2244(d)(1)-(2).

The habeas statute provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254(b)(1)(A). A habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In this matter, petitioner claims that his right to due process has been violated by what he characterizes as a recalculation of his sentence and conditional release date, and the fact that he remains in custody beyond what he claims his conditional release date should have been. The petition, however, does not provide the Court with any information as to whether petitioner previously raised these claims in state court and, if so, what state court these claims were raised, and whether petitioner appealed from any of the determinations made by the state court in relation to these claims. Without this information, the Court cannot determine whether petitioner has complied with the federal habeas exhaustion requirements.

Accordingly, petitioner must advise the Court in writing by October 24, 2005, whether he previously raised the claims raised herein in state court and, if so, (1) what state court he raised said claims in, (2) the date he filed said claims, and (3) what the determination of the state court was and the date of said determination. The petitioner must also advise the Court that if he did previously raise these claims in state court, whether or not he appealed from whatever determination was made by the state court and, if so, (1) the date the appeal was filed, (2) the state court petitioner appealed to, (3) the determination of the state court to whom petitioner appealed and the date of any such

appellate determination, and (4) whether petitioner appealed from that appellate determination to any higher appellate court and, if so, (i) the court petitioner appealed to, (ii) the date he filed the appeal and (iii) the determination of the higher appellate court and the date of said determination. Petitioner must also provide this Court with copies of any and all papers he has in his possession that were filed in any of the state court proceedings and appeals in which he previously raised the claims raised in this matter.

In addition to providing the Court with the information directed above in relation to his exhaustion of state court remedies, petitioner must also specifically address in his response to this Order whether or not his petition was timely filed pursuant to 28 U.S.C. § 2244(d)(1)-(2). .

According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). *Cf. Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir.2003) ( the " 'factual predicate of [petitioner's] claim,' 28 U.S.C. § 2244(d)(1)(D), is the revocation of his parole. The limitations time therefore did commence at a time set by the statute, when that 'factual predicate [for his] claim ... could' reasonably have been discovered, i.e., when [petitioner] was notified that the administrative decision to revoke his parole had become final. It is thus not possible for the limitations period on a habeas challenge to parole revocation to expire before parole is revoked; it expires one year thereafter.")

In order to permit the Court to properly evaluate the issue of timeliness, petitioner is directed to provide the Court with all relevant information to enable the Court to make a determination regarding the timeliness of the instant petition.

IT HEREBY IS ORDERED, that the petitioner's request to proceed as a poor person is denied as moot;

FURTHER, that petitioner is directed to file a response to this Order as directed above by **October 24, 2005**, addressing both whether he exhausted his state court remedies and whether the petition was timely filed; and

FURTHER, that if the Petitioner does not file a response to this Order by **October 24, 2005**, the Clerk of the Court is directed to dismiss the petition without further notice to petitioner.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: September 21, 2005
Rochester, New York

4