-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ULYSSES WHITE, 92-A-1367,

             Petitioner,

     -v-

MR. A. ZON, Superintendent of Wende Corr. Fac.,

             Respondent.

_____

DECISION AND ORDER
05-CV-0525S

## PROCEDURAL BACKGROUND

Petitioner, Ulysses White, a inmate at the Wende Correctional Facility, who is serving two concurrent indeterminate terms of imprisonment of 7½-15 years for convictions entered in Albany County Court in 1992 for Robbery in the Second Degree and Criminal Possession of a Weapon in the Second Degree (Docket No. 5, Petitioner's Response to Court's Order to Show Cause, Exh.--Order of Albany County Judge Thomas A. Breslin, dated April 27, 2005), filed a petition for habeas corpus relief that could only be described, at best, as confusing and, at worst, unintelligible. The petition appeared to challenge petitioner's continued custody based on what he claims was a "merger" of three separate sentences entered in 1973, 1977 and 1992, and an impermissible recalculation of his current sentence or conditional release date thereby extending his imprisonment an additional ten years.

Because the Court was unable to determine (1) the true nature of petitioner's claim, other than that it appeared to allege an impermissible recalculation of his sentence and extension of his conditional release date, (2) whether petitioner had exhausted his state

court remedies with respect to the claims raised in the petition, whatever they may have been, *see* 28 U.S.C. § 2254(b)(1)(A), and (3) whether the petition was timely filed, *see* 28 U.S.C. § 2254(d)(1), the Court directed petitioner to show cause with respect to whether he had exhausted his state court remedies and whether the petition was timely. (Docket No. 4, Decision and Order.)

With respect to the exhaustion issue, the Court specifically directed petitioner to advise the Court whether he had previously raised in state court the claims raised in the petition and, if so, (1) what state court he had raised said claims in, (2) the date he had filed said claims, (3) what the determination of the state court had been, and (4) the date of said determination. Petitioner was also directed to advise the Court that if he had previously raised the claims set forth in the petition in state court, whether or not he had appealed from whatever determination had been made by the state court and, if so, (1) the date petitioner had filed an appeal, (2) the court petitioner had appealed to, (3) the determination of the appellate court, (3) the date of any such appellate determination, and (4) whether petitioner had appealed from the appellate determination to any higher appellate court and, if so, (i) the court petitioner had appealed to, (ii) the date he had filed the appeal, (iii) the determination of the higher appellate court, and (iv) the date of said determination. Petitioner was further directed to provide the Court with copies of any and all papers he had in his possession that were filed in any of the state court proceedings and appeals in which he had previously raised the claims raised in this matter.

As to whether the petition was timely filed, petitioner was directed to address this issue and provide the Court with any and all relevant information to enable the Court to make a determination regarding the timeliness of the petition. (Docket No. 4.)[1]

Petitioner's response is not any more intelligible or comprehensible than the petition. It again complains that his original sentence was 7-1/2-15 years but that, six months after he began serving his sentence, the New York State Department of Correctional Services ("DOCS") "added an undischarged term of 15 [years]" and that at every appearance before the Parole Board he is told about prior sentences that he has already served which are used to deny him parole. He claims that he has been denied parole five times and that each time he is denied parole it leaves him with 24 additional months, which has extended his sentence well past the original 7-1/2-15 years. He claims he has now served 16 years on the original sentence that he began serving in 1990.[2]

The response includes a copy of an Order, dated April 27, 2005, of Albany County Court Judge Thomas Breslin denying a second post-conviction motion pursuant to New York Criminal Procedure Law section 440.10 based on a claim that petitioner's plea was not valid. The motion was denied on the grounds that the claim raised in the motion could have been raised on appeal, N.Y. C.P.L.R. § 440.10(2)(c), and in petitioner's first section

---

[1]Because of the uncertainty of the claims raised in the petition, and the possibility that it raised a denial of parole issue, the Court cited to the decision of *Cook v. New York Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003), which held that the "'factual predicate of [petitioner's] claim,' 28 U.S.C. § 2244(d)(1)(D), is the revocation of his parole. The limitations time therefore did commence at a time set by the statute, when that 'factual predicate [for his] claim ... could' reasonably have been discovered, i.e., when [petitioner] was notified that the administrative decision to revoke his parole had become final. It is thus not possible for the limitations period on a habeas challenge to parole revocation to expire before parole is revoked; it expires one year thereafter."

[2]As noted above, petitioner attached various documents related to his appeal of the conviction and an order of the Albany County Court, dated April 27, 2005, which intimate that the conviction at issue was entered in 1992.

440.10 motion, N.Y. C.P.L.R. § 440.10(3)(c). The response also complains about petitioner's counsel on the underlying conviction and that his appellate counsel had a conflict of interest and would not raise a claim of ineffective assistance of counsel on the appeal from the conviction.[3] For the following reasons, the petition must be dismissed.

## DISCUSSION

The response fails to adequately address the Court's order to show cause and the directives set forth therein. (Docket No. 5.) Even when liberally construing the petition and response, as the Court must do, see *Williams v. Kullman,* 722 F.2d 1048, 1050 (2d Cir. 1983), petitioner has failed to show that, whatever his claims may be, he has properly exhausted them or that he is entitled to relief under 28 U.S.C. § 2254. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4. Liberally construing the petition as best it can, the Court finds that petitioner appears to be objecting to a denial parole which has caused him to remain incarcerated longer then he believes he should and that petitioner has not shown that he has in any way properly exhausted his

---

[3]Even assuming petitioner is raising a challenge to his underlying conviction in 1992 based on ineffective assistance of trial or appellate counsel, petitioner has failed, despite notice and opportunity, to address whether that claim is timely pursuant to 28 U.S.C. § 2254(d)(1)(A). Since the conviction became final prior to the effective date of the amendments to the habeas corpus statute, Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, effective April 24, 1996, codified at 28 U.S.C. § 2254(d)(1), petitioner had one year from the effective date of the amendments, exclusive of any tolls, to timely file a habeas corpus petition challenging his conviction, see *Ross v. Artuz,* 150 F.3d 97, 102 (2d Cir. 1998) ("in light of Congress's selection of one year as the limitations period, we conclude that prisoners should have been accorded a period of one year after the effective date of AEDPA in which to file a first § 2254 petition or a first § 2255 motion"). The instant petition was filed over eight years after the grace period set forth in *Ross* expired and there is simply no evidence that the entire eight year period would have been tolled due to the pendency of properly filed state court proceedings for post-conviction relief. 28 U.S.C. § 2254(d)(2). So, therefore, even if the Court construed the petition as raising a claim of ineffective assistance of counsel, the petition would be dismissed because it is untimely.

4

state court remedies in relation to the various denials of parole referred to in his petition and response.

In order to exhaust a denial of parole under New York law, an inmate must first file an administrative appeal with the Division of Parole's Appeals Unit, N.Y. Comp.Codes. R. & Regs. tit. 9, § 8006.1, and, if that administrative appeal is denied, the inmate must then file a petition in state court pursuant to Article 78 of the Civil Practice Law and Rules. *Morel v. Thomas*, No. 02 CV 9622(HB), 2003 WL 21488017, *2 n. 3 (S.D.N.Y. Jun. 26, 2003). If the Article 78 petition is denied, the inmate must appeal to the "highest state court capable of reviewing it." *Scales v. New York State Div. of Parole*, 369 F.Supp.2d 428-29 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)).[4] Based on petitioner's response there is simply no evidence that he has exhausted his administrative remedies in relation to the denial or denials of parole referred to in the petition and response to the Court's order to show cause.

Additionally, the Court finds that, even assuming petitioner is procedurally barred from now exhausting his state court remedies inasmuch as it readily appears that petitioner's time to file state challenges to the denial of parole has expired, and the Court can therefore deem the petitioner's claim exhausted, *see Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001), there is nothing to establish cause and prejudice thereby allowing the Court to reach the merits of petitioner's federal claim raised herein. *See, e.g., Reyes v. Keane*, 118 F.3d 136, 138 (2d Cir. 1997) ("A federal habeas petitioner may avoid this

---

[4]A denial of an Article 78 petition may be appealed to the Appellate Division within 30-days after being served with a copy of the judgment. N.Y. C.P.L.R. § 5513(a)-(b) (McKinney's 2005). If that appeal is denied petitioner may seek a certificate for leave to appeal to the New York Court of Appeal within 30-days after being served with a copy of the judgment or order denying the appeal. N.Y. C.P.L.R. §§ 5513(b), 5602.

default by showing cause for the default and prejudice, or that failure to consider the claim will result in a miscarriage of justice..., which means that the 'constitutional violation has probably resulted in the conviction of one who is actually innocent.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) and citing *Coleman v. Thompson*, 501 U.S. 722, 748 (1991) and *Schlup v. Delo*, 513 U.S. 298, 320 (1995)).

Accordingly, the petition must be dismissed because petitioner's claim is procedurally barred. Moreover, because petitioner has not provided the Court with a petition that sets forth a cognizable federal constitutional claim subject to habeas review, the petition should be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

## CONCLUSION

The petition is hereby dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. In addition, because the issues raised here are not the type of issues that a court could resolve in a different manner, and because these issues are not debatable among jurists of reason, the Court concludes that petitioner has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), and accordingly the Court denies a certificate of appealability.

The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

### ORDER

IT HEREBY IS ORDERED, that the petition is dismissed;

FURTHER, that a certificate of appealability is denied; and

FURTHER, that leave to appeal as a poor person is denied

SO ORDERED.

Dated:        _MAY 24_____, 2006
              Rochester, New York

_____
              CHARLES J. SIRAGUSA
              United States District Judge